IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:21-CV-5-KS

| | |
|---|---|
| JUSTIN CARLISLE GRAHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| KILOLO KIJAKAZI, Acting ) | |
| Commissioner of Social Security ) | |
| Administration, ) | |
| Defendant. ) | |

This matter is before the court on the parties' cross motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, the parties having consented to proceed pursuant to 28 U.S.C. § 636(c). Justin Carlisle Graham ("Plaintiff") filed this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the denial of his application for a period of disability and disability insurance benefits ("DIB"). The parties have fully briefed the issues, and the pending motions are ripe for adjudication. On April 20, 2022, the court held oral argument in this matter. Having carefully reviewed the administrative record and the motions and memoranda submitted by the parties, the court grants Plaintiff's Motion for Judgment on the Pleadings [DE #24], denies Defendant's Motion for Judgment on the Pleadings [DE #32], and remands the case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings.

## STATEMENT OF THE CASE

Plaintiff applied for DIB on January 9, 2018, with an alleged onset date of November 20, 2017.[1] (R. 366, 387–88, 1930–31.) The application was denied initially and upon reconsideration, and a request for hearing was filed. (R. 366, 1778, 1793, 1871.) A video hearing was held on November 21, 2019, before Administrative Law Judge ("ALJ") Vanessa Lucas, who issued an unfavorable ruling on December 26, 2019. (R. 363–80, 382–418.) On November 18, 2020, the Appeals Council denied Plaintiff's request for review. (R. 1–7.) At that time, the ALJ's decision became the final decision of the Commissioner. *See* 20 C.F.R. § 404.981. On January 13, 2021, Plaintiff filed the instant civil action, seeking judicial review of the final administrative decision pursuant to 42 U.S.C. § 405.

## DISCUSSION

### I. Standard of Review

The scope of judicial review of a final agency decision denying disability benefits is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; [i]t consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Craig v.*

---

[1] Plaintiff amended his alleged onset date from January 9, 2018, to November 20, 2017, through counsel. (R. 387–88.)

*Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971), and *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)) (citations omitted) (alteration in original). "In reviewing for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig*, 76 F.3d at 589) (first and second alterations in original). Rather, in conducting the "substantial evidence" inquiry, the court determines whether the Commissioner has considered all relevant evidence and sufficiently explained the weight accorded to the evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997).

## II. Disability Determination

In making a disability determination, the Commissioner utilizes a five-step evaluation process. The Commissioner asks, sequentially, whether the claimant: (1) is engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, App. 1; (4) can perform the requirements of past work; and, if not, (5) based on the claimant's age, work experience, and residual functional capacity can adjust to other work that exists in significant numbers in the national economy. *See* 20 C.F.R. § 404.1520(a)(4); *Albright v. Comm'r of SSA*, 174 F.3d 473, 475 n.2 (4th Cir. 1999). The burden of proof and production during the first four steps of the inquiry rests on the claimant. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th. Cir. 1995). At the fifth step, the burden shifts to the Commissioner to show that other

3

work exists in the national economy that the claimant can perform. *Id.* In making this determination, the ALJ must decide "whether the claimant is able to perform other work considering both [the claimant's residual functional capacity] and [the claimant's] vocational capabilities (age, education, and past work experience) to adjust to a new job." *Hall v. Harris*, 658 F.2d 260, 264 (4th Cir. 1981). "If the Commissioner meets [this] burden, the ALJ finds the claimant not disabled and denies the application for benefits." *Mascio v. Colvin*, 780 F.3d 632, 634–35 (4th Cir. 2015).

### III. ALJ's Findings

Applying the five-step, sequential evaluation process, the ALJ found Plaintiff "not disabled" as defined in the Social Security Act ("the Act"). As a preliminary matter, the ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2017. (R. 368.) At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since his amended alleged onset date of November 20, 2017. (*Id.*) Next, the ALJ determined Plaintiff had the severe impairments of degenerative disc disease, sleep apnea, hand tremors, obesity, and post-traumatic stress disorder (PTSD). (*Id.*)

At step three, the ALJ concluded Plaintiff's impairments were not severe enough, either individually or in combination, to meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, App. 1. (R. 369.) The ALJ expressly considered Listings 1.04 and 12.15. (R. 369–71.)

Before proceeding to step four, the ALJ assessed Plaintiff's residual functional capacity ("RFC") and found that Plaintiff had, through the date last insured,

> the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) except [Plaintiff] can specifically lift and carry up to 50 pounds occasionally and 25 pounds frequently. He can sit, stand, and walk for 6 hours each in an 8-hour day. He can frequently, but not constantly, handle and finger. He can have no exposure to work hazards. [Plaintiff] can have only occasional contact with the general public. He cannot work in a team setting. He can have only occasional changes in the work setting/procedure. He cannot work in a fast-paced production environment.

(R. 371.) In making this assessment, the ALJ stated that she considered Plaintiff's symptoms and the evidence (both "objective medical" and "other") based on the requirements of 20 C.F.R. § 404.1529 and SSR 16–3p, 2017 WL 5180304 (Oct. 25, 2017), and found Plaintiff's statements concerning the intensity, persistence, and limiting effects of Plaintiff's symptoms "not entirely consistent with the medical evidence and other evidence in the record." (R. 371–72.) At step four, the ALJ concluded that Plaintiff was unable to perform any past relevant work through the date last insured. (R. 374.) Nonetheless, at step five, upon considering Plaintiff's age, education, work experience, and RFC, the ALJ determined there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed, namely: store laborer (DOT #922.687-058), hospital cleaner (DOT #323.687-010), and industrial cleaner (DOT #381.687-018). (R. 375.) The ALJ concluded Plaintiff had not been disabled under the Act during the period from his alleged onset date through the date last insured. (*Id.*)

## IV. Plaintiff's Argument

In his brief, Plaintiff argues that the ALJ erred by (i) not evaluating Department of Veterans Affairs (VA) disability determination ratings and (ii) not evaluating 2015 medical examination reports and opinions procured in connection with Plaintiff's VA disability evaluation process. (Pl.'s Mem. Supp. Mot. J. Pldgs. [DE #25] at 12–15.) At oral argument, Plaintiff conceded that his argument regarding an ALJ's obligation to address a VA disability determination rating had been negated by the Commissioner's promulgation of new regulations in March 2017. (Audio of April 20, 2022, Oral Argument at 12:32–12:33 p.m.; *see also* Def.'s Mem. Supp. Mot. J. Pldgs. [DE #33] at 9–14 (discussing the continued viability of *Bird v. Comm'r of SSA*, 699 F.3d 337 (4th Cir. 2012), in light of new regulations and the rescission of SSR 06–3p and summarizing district court opinions addressing this issue).) Plaintiff focuses his argument on the fact that the ALJ did not evaluate VA-procured medical examinations and reports from 2015 regarding Plaintiff's mental and physical functioning.

As will be explained in more detail, this case involves two DIB claims, the timing of these claims, the submission of evidence in relation to the claims, how and when such evidence was "exhibited" or otherwise considered by the ALJ, and the relevance of pre-onset date evidence. Based on what can only be described as a unique set of circumstances, with responsibility for the key peculiarities being attributable to both parties, the court determines that there is material medical evidence that was

6

not evaluated by the ALJ. Meaningful review is frustrated by this gap in evaluation. Accordingly, the court orders remand to the Commissioner.

In September 2015, psychologist Linda Oldham Ikle, Ph.D, and physician Boyan A. Georgiev, M.D., examined Plaintiff in connection with his VA disability benefits application and wrote reports documenting their findings and expressing opinions regarding Plaintiff's functional abilities. (Pl.'s Mem. Supp. Mot. J. Pldgs., Ex. 1, Ikle Report ("Ikle Report") [DE #25-1] & Ex. 2, Georgiev Reports ("Georgiev Reports" [DE #25-2].)[2] Dr. Ikle's report focused on Plaintiff's PTSD and noted, among other things: occupation and social impairment; impairing auditory hallucinations that interfere with the ability to pay attention; the relationship between PTSD and Major Depressive Disorder; and "severe impairment in all areas of functioning." (Ikle Report at 3, 8.) Dr. Georgiev noted abnormal range of motion in Plaintiff's neck and back and "mild to moderate impairment in performing sedentary activity of employment and moderate impairment in performing physical activity of employment." (Georgiev Reports at 4, 6, 15, 17, 10, 22.)

The Ikle Report and Georgiev Reports were not before ALJ Lucas, and, therefore, ALJ Lucas did not evaluate them in her decision. (R. 363–80; Def.'s Mem. Supp. Mot. J. Pldgs. at 6.) Plaintiff submitted these reports on September 16, 2020, after ALJ Lucas' decision. (R. 2 (Appeals Council denial summarizing additional

---

[2] Dr. Georgiev wrote a report regarding Plaintiff's neck and a separate report regarding Plaintiff's back, both of which were signed on September 14, 2015. (Georgiev Reports.)

7

evidence submitted after the ALJ decision), 446–67 (Georgiev Reports), 479–86 (Ikle Report); Def.'s Mem. Supp. Mot. J. Pldgs. at 6.)

Plaintiff had a prior DIB claim, for which the Commissioner also denied benefits and over which Plaintiff sought judicial review in this court. *Graham v. Berryhill*, No. 7:18-CV-22-FL (E.D.N.C. filed Feb. 9, 2018).[3] In Plaintiff's previous case, he also submitted the Ikle Report and Georgiev Reports after the ALJ's decision. *Graham*, No. 7:18-CV-22-FL, ECF No. 12, at 6, 38–68 (E.D.N.C. Apr. 25, 2018).[4] Plaintiff's counsel also submitted the reports as exhibits to his brief in the prior case. Pl.'s Mem. Supp. Mot. J. Pldgs., Exs. 1–3, *Graham*, No. 7:18-CV-22-FL, ECF Nos. 20-1, 20-2, 20-3 (E.D.N.C. July 25, 2018). The Appeals Council stated that it did not consider and exhibit these reports because Plaintiff lacked good cause for not submitting the information earlier. *Graham*, No. 7:18-CV-22-FL, ECF No. 12, at 6 (appearing at R. 2). This court upheld the Commissioner's decision. *Graham*, 2019 WL 1272545, at *4–5.

In the instant case, the record shows that the Commissioner incorporated documents from the prior case. (R. 1794–1815 (prior ALJ decision), 1816–42 (this court's prior M&R and Order), 1843–47 (CM/ECF Docket Report run on April 30,

---

[3] In the prior case, Plaintiff alleged an onset date of September 20, 2014, and the ALJ issued the decision denying DIB on September 8, 2017. *Graham v. Berryhill*, No. 7:18-CV-22-FL, 2019 WL 1272545, at *1 (E.D.N.C. Jan. 10, 2019), *mem. & recommendation adopted by* 2019 WL 1270933 (E.D.N.C. Mar. 19, 2019).

[4] The documents appear at R. 2, 34–64 of the prior case. The documents reflect submission by Plaintiff's counsel to the Commissioner on or about November 27, 2017.

8

2019).) However, the Ikle Report and Georgiev Reports were not made part of the record before ALJ Lucas.

Examination of the record from the prior case and the instant case reveals that both Plaintiff and the Commissioner possessed the Ikle Report and Georgiev Reports by November 2017. Plaintiff should have re-submitted these reports via the normal mechanism for submission of evidence in support of a DIB claim. *See* 20 C.F.R. § 404.1512(a)(1). On the other hand, the ALJ was aware of the reports and should have incorporated these reports into the record for the instant case, together with the documents incorporated from the administrative record of the prior case and from the court's CM/ECF docket in the prior case. *See* 42 U.S.C. § 423(d)(5)(B); 20 C.F.R. § 404.1512(b)(1); *Sims v. Apfel*, 530 U.S. 103, 110–11 (2000) ("Social Security proceedings are inquisitorial rather than adversarial. It is the ALJ's duty to investigate the facts and develop argument both for and against granting benefits."); *Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir. 1986). Thus, the court rejects the Commissioner's argument (Def.'s Mem. Supp. Mot. J. Pldgs. at 6–7) that Plaintiff's request for remand should be rejected because he submitted the Ikle Report and Georgiev Report too late. The Ikle Report and Georgiev Reports should have been part of the record before ALJ Lucas.

Generally, "[w]here evidence predating the alleged date of disability is made part of the record, the regulations require the Commissioner to consider that evidence." *Cotton v. Colvin*, No. 5:14-CV-425-FL, 2015 WL 5714912, at *3 (E.D.N.C. Sept. 29, 2015) (first citing 20 C.F.R. § 404.1520(a)(3); and then citing *Vandenboom*

v. *Barnhart*, 421 F.3d 745, 750 (8th Cir. 2005)). While ALJ Lucas may have properly discounted the Ikle Report and Georgiev Reports based on the gap between their issuance and the alleged onset date (*see* Def.'s Mem. Supp. Mot. J. Pldgs. at 7–8), the reports are medical evidence from an examining psychologist and examining physician that express opinions about Plaintiff's functional abilities. Given the information contained in these reports, the court is unable to say that the ALJ's failure to consider them was harmless. *See* SSR 96–8p, 1996 WL 374184, at *7 (July 2, 1996) (ALJ must "explain how any material inconsistencies or ambiguities in the evidence were considered and resolved"). Accordingly, remand is necessary.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion for Judgment on the Pleadings [DE #24] is GRANTED, Defendant's Motion for Judgment on the Pleadings [DE #32] is DENIED, and the case is REMANDED to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this order.

This 21st day of August 2022.

_____
KIMBERLY A. SWANK
United States Magistrate Judge